**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

KING SOLOMON SEALS-SUPALUS,

     *Plaintiff,*

v.

NORMANDY NURSING CENTER,
"Every" So-Called Doctor, Psychiatrist,
Psycologist [sic], working at the
Normandy Nursing Center, etc. or
anywhere else

     *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 4:25-cv-01397-JMD

## MEMORANDUM AND ORDER

The man calling himself King Solomon Seals-Supalus and many other things (*e.g.*, "Prophet"; "Noble Drew Ali Seals-Supalus Self Congressman, Self Representative; Self Seriler")[1] is a serial abuser of the courts. He regularly files patently frivolous and malicious litigation, often naming "everybody" as defendants and requesting "zillions" of dollars in relief. *E.g.*, *Seals v. All and Everybody*, No. 4:25-cv-01628-MAL (Oct. 30, 2025); *Seals-Supalus v. Every Individual & Official Within the Whole State of Missouri*, No. 4:24-cv-01438-NCC (Oct. 24, 2024).[2] Seals-Supalus is able to do this because, by filing *pro se*, he is "not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions." *In re McDonald*, 489 U.S. 180, 184 (1989).

---

[1] *See, e.g.*, *Seals-Supalus v. All and Every Probation & Parole Board Staf [sic] and Businesses in Missouri*, No. 4:25-cv-00421-NCC (Mar. 31, 2025).

[2] A partial list of other cases he filed includes *Seales v. St. Louis County Jail*, No. 4:10-cv-02170-TIA (Nov. 19, 2010); *Seales v. Unknown Psychologist*, No. 4:11-cv-00008-TCM (Jan. 3, 2011); *Seales v. Morgan*, No. 4:11-cv-00110-HEA (Jan. 18, 2011); *Seales v. The Museum Between Kansas City and Kansas*, No. 4:11-cv-00467-JCH (Mar. 10, 2011); *Seals v. Muslims*, No. 4:18-cv-01215-RWS (July 23, 2018); *Seals-Supalus v. Russell*, No. 4:24-cv-00982-SRW (July 18, 2024); *Seals-Supalus v. Government*, No. 4:24-cv-01100-JSD (Aug. 9, 2024); *Seals-Allah v. State of Missouri*, No. 4:25-cv-01908-MTS (Dec. 29, 2025). It is also not unusual for Seals-Supalus to sue the same defendants repeatedly. *E.g.*, *Seals v. Normandy Nursing Center*, No. 4:24-cv-01481-SRC (Nov. 2024).

No more.  The Supreme Court has "direct[ed] the Clerk [of that court] not to accept any further petitions from" a frequent-filer litigant "unless he pays the docketing fee required."  *Id.* at 180.  Docketing works differently in the district court; cases are docketed before they are assigned to a specific judge.  So here, for cases filed by Seals-Supalus and assigned to the undersigned judge, the Court directs the Clerk to instruct the plaintiff to pay the docketing fee required and to close the case if Seals-Supalus does not do so within 14 days or does not assert the need for relief from "imminent danger of serious physical injury," 28 U.S.C. § 1915(g).

Filing fees are one of several tools used to combat abusive litigation.  Federal law generally requires plaintiffs to pay filing fees.  Those fees are mandatory for prisoners who have filed three or more frivolous actions.  § 1915(g).  For nonprisoner litigants, courts may— but are not required—to waive those fees.  As the Supreme Court has stressed, a court "*may* authorize the commencement" of a suit "without prepayment of fees and costs or security therefor."  *In re McDonald,* 489 U.S. at 183 (quoting § 1915(a)) (emphasis in original).  Courts have discretion not to waive prepayment of fees "to curb serious abuses by persons proceeding *in forma pauperis*" and may even issue orders denying *in forma pauperis* status prospectively.  *Id.* at 184; *see also Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) ("A court may deny IFP status prospectively" following "an especially abusive pattern" of filings.).  Indeed, "the Court has a *duty* to deny *in forma pauperis* status to those individuals who have abused the system."  *In re Sindram*, 498 U.S. 177, 180 (1991) (first emphasis added); *see also id.* (issuing a prospective order denying *in forma pauperis* status for "all future petitions for extraordinary relief" by the movant).

Exercising that duty, the Court concludes that except in the limited circumstance identified above, the undersigned will not accept future suits filed by this litigant unless he first pays the docketing fee.

The Court also informs Seals-Supalus that the Court is considering imposing sanctions under the Court's inherent authority.  Seals-Supalus is hereby provided "notice that sanctions against [him] are being considered" and that he has "an opportunity to be heard." *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005). Specifically, the Court is considering imposing monetary sanctions, which are available under a court's inherent authority.  *Harlan v. Lewis*, 982 F.2d 1255, 1259 (8th Cir. 1993). This case appears to be part of Seals-Supalus' larger pattern of abusive, frivolous litigation. The complaint here asks the Court to send many doctors to prison for their "sinful ways" and asks the Court to impose a monetary judgment of 700 billion "zillion" dollars.  ECF 1 at 6–7. Even without the nonsensical "zillion" request, Seals-Supalus's request is frivolous and must be dismissed.  Seals-Supalus is ordered to show cause within 14 days why this Court should not impose monetary sanctions for his continued abuse of the legal system.  If he fails to do so, the Court may impose monetary sanctions without further notice.

**IT IS HEREBY ORDERED** that this action is dismissed as frivolous, and that Seals-Supalus's motion to proceed *in forma pauperis* is **DENIED**.  **IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 30th day of July, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

3